**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

November 25, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Mark A. Turner,**
**Petitioner Below, Petitioner**

**vs)   No. 14-0052** (Pendleton County 13-C-05)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Mark A. Turner, appearing *pro se*, appeals the January 17, 2014, order of the Circuit Court of Pendleton County that denied his petition for a writ of habeas corpus. Respondent warden, by counsel Julie A. Warren, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1997, petitioner was indicted on twelve counts of sexual assault in the first degree and twelve counts of sexual abuse in the first degree with regard to alleged sexual misconduct against two minor victims. Counts One through Twelve related to the first victim, while Counts Thirteen through Twenty-Four related to the second victim. The State moved to amend the indictment stating that the wrong victim's name was inserted in Counts Thirteen through Twenty-Four because of a typographical error. (Uncorrected, those counts contained the names of both victims.) The circuit court granted the motion to amend and denied a motion to dismiss by petitioner's counsel alleging that the last twelve counts, as unamended, failed to allege a criminal offense. The circuit court granted petitioner's counsel leave to further brief the issue. Counsel also moved to suppress petitioner's confession, which motion was not ruled upon by the time petitioner accepted a plea bargain.

On May 14, 1997, petitioner wrote the circuit court a letter stating that he desired new counsel. However, on May 19, 1997, petitioner and the State entered into a plea agreement, by which petitioner pled guilty to three counts of sexual assault in the first degree and three counts of sexual abuse in the first degree. In exchange, the State dismissed the remaining eighteen counts. At the plea hearing, the circuit court questioned petitioner concerning his May 14, 1997, letter. Petitioner informed the circuit court that he had no objections to his counsel continuing to

1

represent him, and the circuit court proceeded with petitioner's plea. Petitioner underwent a total of three psychological evaluations, none of which indicated that probation would be appropriate. Following a presentence report, the circuit court imposed on petitioner an effective sentence of forty-eight to 120 years in prison. Petitioner appealed to this Court, which refused the appeal on June 16, 1998.

Petitioner filed a petition for a writ of habeas corpus on February 12, 2013. The circuit court appointed petitioner habeas counsel, who filed an amended petition on April 29, 2013. Attached to the amended petition was petitioner's *Losh* checklist, in which petitioner acknowledged that "all grounds not raised in the 'Petition' will be waived." *See Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981). On June 25, 2013, respondent warden filed a response to the amended petition. The circuit court then held an omnibus hearing on October 3, 2013. At the October 3, 2013, hearing, the circuit court went over petitioner's *Losh* checklist and confirmed that petitioner was waiving the issues marked as waived on his list. On January 17, 2014, the circuit court denied the petition in a comprehensive thirty-five page order that refuted every issue that petitioner did not waive.

Petitioner now appeals the circuit court's January 17, 2014, order denying his habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner makes numerous assignments of error, as follows: (1) the indictment shows, on its face, that no offense was committed; (2) petitioner entered his plea involuntarily; (3) petitioner gave a coerced confession; (4) the probation officer included erroneous information in the presentence report; (5) trial counsel provided ineffective assistance; (6) the circuit court refused to order the production of the grand jury transcript; (7) the circuit court did not hold the suppression hearing that was continued; (8) the circuit court failed to appoint new counsel when petitioner requested it; (9) the State made inflammatory statements at the sentencing hearing; and (10) the indictment included counts that were duplicative of each other. Respondent warden counters that none of petitioner's many claims are supported by the record and that this Court should adopt the comprehensive findings of fact and conclusions of law found in the circuit court's order denying habeas relief. We agree.

Having reviewed the circuit court's "Order Denying Petitioner's Petition for Writ of Habeas Corpus," entered January 17, 2014, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Pendleton County and affirm its January 17, 2014, order, denying the petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** November 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II